## THE NEW YORK.

(District Court, E. D. New York. February 15, 1923.)

Maritime liens ⬅➡37—Recording of preferred mortgage does not displace lien for repair work in progress under contract.

A preferred mortgage, given under Ship Mortgage Act 1920, § 30, subsec. D, is subject to a maritime lien for repairs made under contract, work on which was begun before recording of the mortgage and which was then in progress.

In Admiralty. Suit by the Morse Dry Dock & Repair Company and others against the steamship New York. On exceptions to report of commissioner as to priority of liens. Exceptions overruled.

Macklin, Brown & Van Wyck, of New York City (Horace L. Cheyney, of New York City, of counsel), for libelant Morse Dry Dock & Repair Co.

Carter, Carter & Phillips, of New York City, for Vacuum Oil Co.

Hunt, Hill & Betts, of New York City, for libelant Holland Food Corporation.

Oeland & Kuhn, of New York City, for libelant Hartmann-Blanchard Co., Inc.

Schreiber, Collins & Buchter, of New York City, for City Hotel Supply Co.

GARVIN, District Judge. Exceptions have been filed to a commissioner's report by the following parties: Vacuum Oil Company, Holland Food Corporation, Hartmann-Blanchard Company, Inc., and City

Hotel Supply Company. The report of the learned commissioner contains a comprehensive statement of the facts, as well as a clear and carefully considered opinion, upon which he bases his conclusions. With the reasoning advanced I am in accord, and except for such additional observations as may be appropriate I shall add nothing thereto.

The court is called upon to determine the priority of liens. The Morse Dry Dock & Repair Company, which had previously made a contract with the owners of the steamship New York to do certain repairs, etc., began work on August 17, 1921, under their contract, which work was completed September 12, 1921. On August 25, 1921, a preferred maritime mortgage, which has since been assigned to the Colonial Finance Corporation, libelant mortgagee herein, was duly recorded with the collector of customs at the port of New York, after which a copy was then placed with the ship's papers, in conformity with the regulations promulgated under the Merchant Marine Act (41 Stat. 988), which papers at the time were in the office of the collector of customs at the port of New York.

When the foregoing contract was made, and work thereunder begun, there was concededly no lien on the vessel. It is argued that the claim of the Morse Company is entitled to priority over this mortgage only to the extent of the value of the work completed before August 25, when the mortgage was recorded. If this contention is sound, it is apparent that no repair man would be justified in undertaking repairs on a substantial scale and incurring the necessary obligations therefor, if his claim for payment could be defeated by placing a mortgage on the vessel while the repairs are in progress. Nor is a mortgagee without protection, for he need only make an examination of the vessel before taking a mortgage thereon, which ordinary prudence would suggest, in order to ascertain whether any repairs are in progress. Subject to the claim of the Morse Company, the mortgage lien is valid for the reasons stated by the commissioner. The other lienors never made any attempt to learn by inquiring on the vessel or at the custom house whether the vessel had been mortgaged.

Exceptions overruled, and report confirmed.